ORIGINAL

SEALED

BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 1 2024

at____ o'clock and____ min.____ M
Lucy H. Carrillo, Clerk

CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

DAVID JAFFE
Chief, Violent Crime and Racketeering Section
United States Department of Justice

CHRISTINA TAYLOR
Trial Attorney
1301 New York Avenue, N.W.
Suite 700
Washington, DC  20530
Telephone: (202) 679-1034
E-mail:  Christina.Taylor@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. CR 24 - 0 0 0 1 7 HG |
| | ) | |
| Plaintiff, | ) | INDICTMENT |
| | ) | |
| vs. | ) | [18 U.S.C. §§ 924 (c)(1)(A) and 2; 18 |
| | ) | U.S.C. §§924 (j)(1) and 2; 21 U.S.C. |
| FILIMONE TAVAKE, | ) | §§ 848(e)(1)(a) and 2; 21 U.S.C. |
| Defendant. | ) | §§846, 841(a)(1), 841(b)(1)(A) (viii)] |
| | ) | |
| | ) | |

INDICTMENT

The Grand Jury charges:

## Count 1

### Carry, Use and Discharge of a Firearm During and In Relation to a Drug Trafficking Crime, Aiding and Abetting
### (18 U.S.C. §§924(c)(1)(A) and 2)

On or about March 27, 2021, within the District of Hawaii, FILIMONE

TAVAKE, the defendant, aided and abetted by others known and unknown to the

Grand Jury, did knowingly carry and use a firearm during and in relation to a drug

trafficking crime for which he may be prosecuted in a court of the United States,

that is, conspiracy to distribute and possess with intent to distribute

methamphetamine as charged in Count 4 of this Indictment, and in doing so said

firearm was discharged.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii)

and 2.

## Count 2

### Causing the Death of a Person Through Use of a Firearm, Aiding and Abetting
### (18 U.S.C. §§ 924 (j)(1) and 2)

On or about March 27, 2021, within the District of Hawaii, FILIMONE

TAVAKE, the defendant, aided and abetted by others known and unknown to the

Grand Jury, in the course of a violation of Title 18, United States Code, Section

924(c)(1)(A), as charged in Count 1 of this Indictment, caused the death of another

person, Malakai Maumalanga, through the use of a firearm, which killing

constituted murder as defined in Title 18, United States Code, Section 1111.

All in violation of Title 18, United States Code, Sections 924 (j)(1) and 2.

## Count 3

Killing While Engaged in Offenses Punishable under Title 21, United States Code
841(b)(1)(A), Aiding and Abetting
(21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2)

On or about March 27, 2021, within the District of Hawaii, FILIMONE

TAVAKE, the defendant, aided and abetted by others known and unknown to the

Grand Jury, while engaged in an offense punishable under Title 21, United States

Code, Section 841(b)(1)(A), that is conspiracy to distribute and possess with intent

to distribute methamphetamine as charged in Count 4 of this Indictment, which

offense involved a 50 grams or more of methamphetamine, a Schedule II

controlled substance, did knowingly and intentionally kill and cause the intentional

killing of another person, Malakai Maumalanga.

All in violation of Title 21, United States Code, Section 848(e)(1)(A) and 2.

## Count 4

Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine
(21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(A))

Beginning in or about November 2020, the exact date being unknown to the

Grand Jury, and continuing up to and including March 27, 2021, within the District

3

of Hawaii, FILIMONE TAVAKE, the defendant, did knowingly and intentionally

combine, conspire, confederate, agree, and have tacit understanding with other

persons known and unknown to the Grand Jury to knowingly and intentionally

distribute and possess with the intent to distribute 50 grams or more of

methamphetamine, its salts, isomers and salts of its isomers, a Schedule II

controlled substance.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and

841(b)(1)(A)(viii).

### First Forfeiture Notice

1.    The allegations set forth in Count 1 of this Indictment are hereby

realleged and incorporated by reference for the purpose of noticing forfeiture

pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United

States Code, Section 2461(c).

2.    The United States of America hereby gives notice that, upon

conviction of an offense in violation of Title 18, United States Code, Sections

924(c) and (j), as charged in Count 1 of this Indictment, FILIMONE TAVAKE,

the defendant, shall forfeit to the United States of America any firearms and

ammunition involved in or used in that offense.

4

3.     If any of the property subject to forfeiture described in paragraph 2 of this first forfeiture notice, as a result of any act or omission of FILIMONE TAVAKE, the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the Court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to forfeiture of substitute property up to the value of the property described above in paragraph 2 of this second forfeiture notice, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

Second Forfeiture Notice

1.     The allegations set forth in Count 2 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 21, United States Code, Section 853.

2.     The United States of America hereby gives notice that, upon conviction of an offense in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(viii), as charged in Count 2 of this Indictment, FILIMONE TAVAKE, the defendant, shall forfeit to the United States of America any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

3.     If any of the property subject to forfeiture described in paragraph 2 of this second forfeiture notice, as a result of any act or omission of FILIMONE TAVAKE, the defendant:

          a.     cannot be located upon the exercise of due diligence;

          b.     has been transferred or sold to, or deposited with, a third party;

          c.     has been placed beyond the jurisdiction of the Court;

6

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot

             be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property up

to the value of the property described above in paragraph 2 of this second

forfeiture notice, pursuant to Title 21, United States Code, Section 853(p).

      DATED:  March _21_, 2024, at Honolulu, Hawaii.

           A TRUE BILL

            /s/ Foreperson
            FOREPERSON, GRAND JURY

CLARE E. CONNORS
United States Attorney
District of Hawaii

CHRISTINA TAYLOR
Trial Attorney

7